**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**David Michael MARIN, Defendant—
Appellant.**

No. 04–10511.

D.C. No. CR–02–05196–AWI.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 17, 2005.

Decided July 8, 2005.

Kevin P. Rooney, Asst. U.S. Atty., USF–Office Of The U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Robert W. Rainwater, Appointed Federal Public Defender, FPDCA–Federal Pub-

946

lic Defender's Office, Fresno, CA, for Defendant–Appellant.

Before CANBY and HAWKINS, Circuit Judges, and DUFFY,* Senior District Judge.

## MEMORANDUM**

Defendant David Marin appeals the district court's denial of his motion to dismiss his indictment for outrageous government misconduct and the denial of his motion to suppress evidence due to entrapment. The district court properly concluded that the confidential informant's actions did not shock the court's conscience and the district court did not clearly err in refusing to dismiss the indictment under its supervisory powers. The informant's actions—providing cocaine and using cocaine with Marin—were no more egregious than those in prior cases in which we declined to find a due process violation. *See, e.g., United States v. Barrera–Moreno,* 951 F.2d 1089, 1091–92 (9th Cir.1991); *United States v. Smith,* 924 F.2d 889, 897 (9th Cir.1991); *United States v. Simpson,* 813 F.2d 1462, 1468 (9th Cir.1987). Moreover, switching from a "dirty" informant to a "clean" informant during the course of the transaction is not "so grossly shocking and so outrageous as to violate the universal sense of justice[,]" even assuming that such conduct could be attributed to the government. *Simpson,* 813 F.2d at 1464 (quotation omitted).

There was sufficient evidence for the arresting officers to believe that Marin had conspired to purchase cocaine. *See*

*Michigan v. DeFillippo,* 443 U.S. 31, 37, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979). Entrapment is an affirmative defense, *United States v. Gurolla,* 333 F.3d 944, 951 (9th Cir.2003), and even assuming *arguendo* that entrapment could somehow vitiate a probable cause determination, Marin was not entrapped as a matter of law. *See United States v. Smith,* 802 F.2d 1119, 1124–25 (9th Cir.1986). Marin's preference to purchase only two kilos of cocaine instead of ten did not indicate a reluctance to engage in the drug transaction.

## AFFIRMED.

---

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.